UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FIVE STAR PARKING,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**LOCAL 723,**<br><br>    **Defendant.** | 05-CV-3975 (WJM)<br><br>OPINION |

Jeffrey D. Vanacore
Arent Fox PLLC
1675 Broadway
New York, NY 10019

　　*(Attorneys for Plaintiff)*


David Grossman
Cohen, Leder, Montalbano & Grossman, LLC
1700 Galloping Hill Road
Kenilworth, NJ 07033

　　*(Attorneys for Defendant)*


**MARTINI, District Judge:**

　　**THIS MATTER** comes before the Court on Plaintiff Five Star Parking's ("Five Star's") motion to vacate an arbitration award and Defendant Local 723's ("the Union's") cross-motion for summary judgment to confirm the arbitration award. This Court heard oral arguments on November 3, 2005. For the reasons stated below, this Court **GRANTS** Plaintiff's motion to vacate and enjoin enforcement of an August 3, 2005 arbitration award, **DENIES** Plaintiff's motion for attorney's fees, and **DENIES** Defendant's motion in its entirety.

**I. Background:**

This is a labor dispute between Five Star, which operates parking garages, and the Union, an employees union representing cashiers, traffic attendants, valet attendants, and lot checkers employed by Five Star at Newark Airport.

The parties are signatories to a Collective Bargaining Agreement ("CBA"), which governs the period from August 1, 2002 until July 31, 2008. Although the CBA set specific wage rates for the period from August 1, 2002 until July 31, 2004, it did not set wage rates for the period after August 1, 2004. Thus, on June 18, 2004, pursuant to terms in the CBA, the Union requested wage reopener bargaining.

Negotiations did not go smoothly. Five Star expressed its intention to reduce wages in light of the fact that its operating costs far exceeded the budget approved by the Port Authority of New York and New Jersey. The Union rejected Five Star's proposal. Further, in a letter dated August 13, 2004, the Union demanded disclosure of Five Star's financial documents and stated its intention to file an unfair labor practice charge with the National Labor Relations Board ("NLRB") should Five Star unilaterally reduce wages. Five Star took the position that the parties had reached an "impasse," and on September 17, 2004, implemented a 12.5% wage reduction.[1] In response, on September 21, 2004, the Union submitted a grievance to the NLRB, alleging unfair labor practices.

According to Five Star, the NLRB reviewed the Union's grievance and expressed its

---

[1] Under the NLRA, when negotiations reach an impasse, the employer is free to implement changes in employment terms unilaterally so long as the changes have been previously offered to the Union during bargaining. *Saunders House v. NLRB*, 719 F.2d 683 (3d Cir. 1983). Otherwise, if no impasse exists, such a unilateral change constitutes a violation of sections 8(a)(1) and (5) of the NLRA. *NLRB v. Katz*, 369 U.S. 736, 743 (1962).

intention to rule against the Union. Five Star also alleges that, in lieu of receiving an adverse decision, the Union withdrew its grievance and commenced an arbitration proceeding. The Union does not dispute either of these allegations.

Upon commencement of the arbitration proceeding, the parties jointly submitted to the arbitrator the issue of whether Five Star had violated the CBA. At the same time, Five Star contested the arbitrator's jurisdiction to decide on the question of whether the parties had reached an impasse. Five Star argued that, since the issue of impasse arose under the National Labor Relations Act ("NLRA"), it fell under the jurisdiction of the NLRB. The arbitrator disagreed and instead found that the arbitration clause of the CBA was far-reaching enough to give him jurisdiction to decide the issue.[2]

In deciding on the merits of the Union's claim, the arbitrator found that the parties had not reached a bargaining "impasse," and that therefore Five Star had not been free to implement a unilateral wage reduction. He concluded that Five Star had violated the CBA by decreasing wages. The arbitrator issued a cease and desist order and further awarded the Union employees back pay for the period during which wages had been reduced.

Five Star has not complied with the award. Instead, it has moved to vacate the award on the following grounds: (1) the arbitrator exceeded the scope of his authority in deciding on the issue of impasse; (2) even if Five Star had agreed to arbitrate disputes involving the NLRA, the arbitrator misinterpreted the statute in finding the parties had not reached an impasse; and (3) the arbitrator incorrectly found that the CBA required Five Star to pay a set wage after August 1,

---

[2] Article 4, Section 1 of the CBA, the arbitration clause of the agreement, covers "[a]ny controversy, claim, dispute or grievance arising between the Company and the Union or any employee, involving or concerning the meaning, interpretation, operation or application of any clause of this agreement, or by a breach or threatened breach of this agreement."

2004.

## II. Standard of Review

As a general matter, district courts have little authority to upset arbitrators' awards. *United Transp. Union Local 1589 v. Suburban Transit Corp.,* 51 F.3d 376, 379 (3d Cir. 1995). When dealing with a labor dispute, if an arbitration award is not in "manifest disregard" of the contract and "draws its essence" from the contract, it should be enforced by a reviewing court. *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504 (2001); *W.R. Grace & Co. v. Local Union 759*, 461 U.S. 757 (1983). Where an arbitrator's decision fails to draw its essence from the CBA, however, the award must be vacated. *See Citgo Asphalt Refining Co. v. Paper, Allied-Indus., Chem. & Energy Workers Int'l Union*, 385 F.3d 809, 815 (3d Cir. 2004).

## III. Analysis

Turning first to jurisdictional issue, the record before this Court demonstrates that the arbitrator exceeded his jurisdiction in granting the arbitral award. An arbitrator's role is to interpret the terms of the CBA rather than to decide issues of unfair labor practices. The latter is governed by the NLRA and under the jurisdiction of the NLRB. *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 597 (1960) ("an arbitrator is confined to interpretation and application of the collective bargaining agreement"); *Graphic Arts Int'l v. Haddon Craftsmen*, 796 F.2d 692 (3d Cir. 1986) (finding arbitrator properly decided only claims arising under CBA and declining jurisdiction on "naked" NLRA claim). With regard to the issue of whether parties involved in labor negotiations have reached an impasse, courts have found that the question of impasse arises under the NLRA and should be decided by the NLRB. *See Newspaper Guild of Salem v. Ottoway Newspapers, Inc.*, 79 F.3d 1273 (1st Cir. 1996) (finding

no error in district court refusal to order arbitration of whether impasse existed because allowing arbitration would allow party to circumvent NLRB); *Local Union No. 884 v. Bridgestone/Firestone, Inc.*, 61 F.3d 1347 (8th Cir. 1995) (finding question of impasse not covered by CBA arbitration clause and therefore not to be raised before arbitrator); *see also U.A. 198 Health & Welfare, Education & Pension Funds v. Rester Refrigeration Service, Inc.*, 790 F.2d 423 (5th Cir. 1983) (expressing view that NLRB is "particularly qualified," because of specialized expertise, to decide whether parties have reached an impasse).[3]  While it is true that, for purposes of efficiency and economy, an arbitrator may at times hear issues pertaining to unfair labor practices, this is only permissible when the arbitrator decides NLRA issues *in addition to* issues of contract interpretation.  *See Carey v. Westinghouse Electric Corp.*, 375 U.S. 261 (1964); *Int'l Harvester Co.*, 138 N.L.R.B. 923 (1962).  To permit otherwise would render the NLRB largely superfluous.

In this case, the arbitrator failed to ground his decision in any provision of the CBA.  Upon deciding the parties had not reached an impasse, he simply concluded that Five Star had violated the CBA by instituting a wage reduction.[4]  The arbitrator's decision, as far as this Court

---

[3] The Union cites a number of cases which purportedly stand for the proposition that an arbitrator can decide the issue of impasse.  However, none of those cases apply here, either because the arbitrator in those cases grounded his decision in specific provisions of the CBA, *e.g., Edna H. Pagel, Inc., v. Teamsters Local Union 595*, 667 F.2d 1275 (9th Cir. 1982), or because the NLRB had issued a decision on the impasse issue prior to arbitration, *e.g., Yorkaire, Inc. v. Sheet Metal Workers Int'l Ass'n*, 758 F. Supp. 248 (E.D. Pa. 1990).

[4] "I find it extremely difficult to accept the Employer's argument that an impasse existed after approximately two, maybe three, hours of bargaining.
    . . . .
I cannot accept the limited time spent in bargaining as a basis for the Employer's authority to reduce the wages of the bargaining unit members.  Accordingly, there is no question in my mind that the Employer's action breached the agreement." *Five Star Parking v. IBT Local 723*, No. 04-0250, 32, 35 (2005) (Restaino, Arb.).

can discern, rested wholly on his interpretation of the NLRA term "impasse" and the effect of Five Star's wage reduction given his finding there was no impasse. There is no indication that the arbitrator grounded his decision on an interpretation of provisions within the CBA.[5]

Based on this holding, this Court finds it unnecessary to address Five Star's other arguments.

**V. Conclusion:**

This Court finds that the arbitrator did not have jurisdiction to decide the issue of impasse, and that his decision otherwise failed to draw its essence from the CBA. Accordingly, this Court grants Five Star's motion to vacate the award of the arbitrator and to enjoin enforcement of the award. It also denies the Union's motion in its entirety. *See AFGE v. FLRA*, 850 F.2d 782 (D.C. Cir. 1988) (affirming vacatur of arbitral award where arbitrator did not have jurisdiction to hear a dispute). Further, this Court, finding that the Union did not litigate in bad faith, vexatiously, or for oppressive reasons, denies Five Star's request for attorney's fees. *Kane Gas Light and Heating Co. v. Int'l Bhd.. of Firemen and Oilers, Local 112*, 687 F.2d 673 (3d Cir. 1982).

      **Date**: December 20, 2005

                                              s/William J. Martini  
                                              **William J. Martini, U.S.D.J.**

---

[5] This Court is mindful of the broad language of the arbitration clause in the CBA. It nevertheless finds the clause is not broad enough to confer jurisdiction upon an arbitrator to decide on a naked NLRA claim.